# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAYE WYGANT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-174 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 20th day of December, 2011, upon consideration of the Defendant's Motion to Dismiss the Plaintiff's Complaint as untimely [ECF No. 4], the Motion shall be denied for the following reasons.

Defendant seeks to dismiss the Plaintiff's complaint as untimely on the basis that it was not filed on or before August 12, 2011 pursuant to 20 C.F.R. §422.210(a), (c).[1] The docket sheet in this case reflects a filing date of August 15, 2011. However, Plaintiff timely filed her Complaint on August 10, 2011, at Docket No. 3:05-mc-2025, in the United States District Court for the Western District of Pennsylvania, Johnstown Division [ECF No. 73]. Due to a clerical error, the clerk failed to accurately record the correct filing date when the case was received in the Erie Division. Accordingly,

IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that the clerk correct the filing date to reflect the filing date of August 10, 2011, the date the case was filed in the Johnstown Division.

---

[1] The regulations provide that a claimant has sixty days to initiate a civil action after receipt of the Appeals Council's notice of denial of request for review. 20 C.F.R. § 422.210(a). The date of the receipt of the notice of denial is considered to be 5 days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). In this case, Plaintiff's Complaint was due on or before August 12, 2011.

1

                                                s/ Sean J. McLaughlin
                                                  United States District Judge

cm:    All parties of record