IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GAYE M. WYGANT,                          )
                                         )
                Plaintiff,               )
                                         )
        vs.                              )    Civil Action No. 11-174-E
                                         )
MICHAEL J. ASTRUE,                       )
COMMISSIONER OF SOCIAL SECURITY,         )
                                         )
                Defendant.               )


O R D E R

AND NOW, this 26th day of February, 2013, upon consideration
of the parties' cross-motions for summary judgment, the Court, upon
review of the Commissioner of Social Security's final decision, denying
plaintiff's claim for disability insurance benefits under Subchapter
II of the Social Security Act, 42 U.S.C. §401, et seq., and denying
plaintiff's claim for supplemental security income benefits under
Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq.,
finds that the Commissioner's findings are supported by substantial
evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum
v. Secretary of U.S. Department of Health & Human Services, 48 F.3d
114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182
(3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v.
Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 13) is DENIED and defendant's Motion for Summary Judgment (document No. 15) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[1]
The Court notes that Plaintiff has not asked this Court for a remand based on Exhibits 30F and 31F, which were not before the Administrative Law Judge ("ALJ") when he issued his opinion, pursuant to sentence six of 42 U.S.C. § 405(g). However, even if such a request had been made, the Court would deny the request because Plaintiff has established no reason, much less good cause, for failing to incorporate this evidence into the record upon which the ALJ based his opinion, particularly since the evidence significantly predates not just the opinion but also the hearing before the ALJ, and since there is no indication in the record that Plaintiff had any difficulty obtaining the records or that she sought any additional time to acquire this information. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).

2